UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRIE SIZEMORE, | ) | Case No. 1:12 CV 2769 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| RONALD P. FORSTHOEFEL, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Currently pending before the Court in the above-captioned case is Defendant Lexington Insurance Company's ("Lexington") Motion to Dismiss (ECF No. 44). For the following reasons, the Motion is granted and this case is dismissed.

**I. Facts and Procedural History**

Plaintiff contends she entered into a mortgage contract with FCS in 2004 with her farm property used as collateral. She states she faithfully made payments on the loan and at times paid more than the requested amount. She contends the insurance coverage on two of her pole buildings lapsed in May 2009. She indicates that at the time this occurred, her 28.9 acres of land were valued at $99,000.00 and her mortgage balance was $85,000.00. She alleges that after the insurance lapsed, she noticed additional charges on her mortgage statements. She inquired about the nature of these charges and FCS eventually told her the fees were for forced insurance coverage. She states these

forced insurance payments were not authorized by the mortgage contract, and were not necessary because the value of the land alone exceeded the mortgage balance. .

On October 24, 2011, Plaintiff filed suit against FCS in the Ashland County Court of Common Pleas alleging breach of contract, negligence, intentional infliction of emotional distress, fraud, and violations of the Truth in Lending Act. Judge Ronald P. Forsthoefel was assigned to the case. FCS filed a Motion to Dismiss on December 14, 2011 and after a hearing was held on that Motion on January 6, 2012, the court granted the Motion with respect to all of Plaintiff's claims except her fraud claim and her claim for intentional infliction of emotional distress. Plaintiff filed several Motions to Compel Disclosures, and a Motion for Reconsideration. FCS responded by filing a counterclaim asking the court to declare Plaintiff to be a vexatious litigant. FCS then filed a Motion for Summary Judgment, seeking dismissal of the fraud and intentional infliction of emotional distress claims. The court granted summary judgment on Plaintiff's remaining claims on July 27, 2012, and scheduled FCS's counterclaim for trial.

In the meantime, Plaintiff contends she sent a subpoena to Lexington. She does not indicate the type of subpoena she issued, or how she served it. She alleges that AON Risk management, the broker for Lexington, replied to her subpoena and indicated that they provided single interest insurance to FCS but none of their policies pertained to Plaintiff, her property, or her mortgage. She then claims Lexington sent her a letter indicating they were located in Massachusetts and the Ohio court had no jurisdiction to compel them to comply with the subpoena. They stated they would not do as the subpoena directed, and Plaintiff does not appear to have pursued enforcement of the subpoena.

Plaintiff filed this action in federal court to contest the manner in which Judge Forsthoefel

was handling the case. She claims Judge Forsthoefel, FCS, Attorney Melick, Lexington, and Overby-Seawell conspired to deprive her of federally protected rights.

In response to the filing of this federal action, Judge Forsthoefel recused himself from the state court action. Judge Thomas Pokorny was appointed by the Ohio Supreme Court on December 12, 2012 to preside over the case. He recently issued a judgment against Sizemore on the vexatious litigant counterclaim.

On April 8, 2013, Lexington filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6). They contend that Plaintiff only asserts two conspiracy claims against them, one under 42 U.S.C. § 1983 and one under 42 U.S.C. § 1985. They assert that a conspiracy claim under § 1983 requires collusion with a state actor. Lexington claims they had no interaction with Judge Forsthoefel, the only public servant named as a Defendant in this action. Moreover, Lexington contends Plaintiff failed to plead sufficient facts to establish the existence of a conspiracy to support a claim under § 1985. Finally, Lexington asserts that Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine because the subpoena was "inextricably intertwined" with the state court action and Plaintiff could have pursued enforcement of the subpoena through the state court system.

## II. Standard of Review

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009)(same). When determining whether the Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint

contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff is not required to prove, beyond a doubt, that the factual allegations in the complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. A plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

For this analysis, a court may look beyond the allegations contained in the complaint to exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. FED.R.CIV.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

### III. Conspiracy Claims under 42 U.S.C. § 1983

To sustain a § 1983 claim, Plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that this deprivation was caused by a person acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government

4

official or employee.

Private parties also may be held liable under § 1983 if they willfully participate in joint action with state agents. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 ..."); *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir.1989) (holding that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability). A key element to bring a conspiracy under §1983 against a private party is the active participation of a state actor in the conspiracy. *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905-06 (6th Cir. 2004).

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir.2007); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985). To prevail on a §1983 conspiracy claim, Plaintiff must show that (1) a "single plan" existed, (2) this Defendant "shared in the general conspiratorial objective" to deprive Plaintiff of her constitutional rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to the Plaintiff. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). It is not necessary for Plaintiff to establish an express agreement among all the conspirators to find the existence of a civil conspiracy, nor does she have to demonstrate that each conspirator knew all of the details of the illegal plan or all of the participants involved. *Id*. Conspiracy claims, however, must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *Amadasu v. The Christ Hosp.,* 514 F.3d 504, 507 (6th Cir. 2008); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993).

In this case, Plaintiff's Complaint does not contain the requisite degree of specificity needed to sustain a § 1983 conspiracy claim. First, it is difficult to tell which of Plaintiff's constitutional rights she believes this Defendant conspired to violate. Lexington contends they received a subpoena from Plaintiff. They claimed the Ohio Common Pleas Court had no jurisdiction over them because they were located in Massachusetts and were not a party to the state court action. They sent a letter to Plaintiff indicating they would not comply with the subpoena. Plaintiff does not assert which constitutional right she believes Lexington violated by refusing to abide by the terms of the subpoena, and no such constitutional right is apparent on the face of the pleading.

Furthermore, Plaintiff fails to allege facts to suggest a connection between Lexington and the only state actor named in this action, Judge Forsthoefel. The allegations of a conspiracy in the Complaint are stated solely as legal conclusions with no facts to suggest a "meeting of the minds" between Lexington and any of the other Defendants. Lexington refused to come to Ohio and declined to become involved in the state court litigation. Plaintiff does not allege specific facts to suggest Lexington had any contact with the other Defendants in this case including the Judge. Plaintiff failed to establish any of the key elements of this claim and therefore fails to state a claim upon which relief may be granted on this claim.

### IV.  Conspiracy Claims under 42 U.S.C. § 1985

To state a claim for conspiracy pursuant to 42 U.S.C. § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott,* 463 U.S. 825, 828-29 (1983)). The acts that allegedly "deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)). These types of conspiracy claims must also be pled with specificity and cannot be stated with conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

Again, Plaintiff provides no factual allegations to suggest Lexington conspired with the other Defendants and does not allege this Defendant engaged in class-based discrimination. She contends Judge Forsthoefel discriminated against her as a female *pro se* litigant; however, Lexington was not a party to the litigation. In fact, it was Lexington's refusal to submit to the Ohio state court's jurisdiction that gave rise to Plaintiff's claim against them. Plaintiff does not allege with specificity any overt acts in the conspiracy and does not include facts which reasonably suggest this Defendant had a "meeting of the minds" with any of the other Defendants to engage in class based discrimination against the Plaintiff. Plaintiff fails to state a claim for relief under § 1985.

## V. Conclusion

Accordingly, Lexington's Motion to Dismiss (ECF No. 44) is **granted**.[1]  Because there are no other claims remaining in this action, the case is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                /s/SOLOMON OLIVER, JR.
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

June 14, 2013

---

[1] Because Plaintiff failed to state a claim under 42 U.S.C. § 1983 and § 1985 and the Motion to Dismiss is granted on that basis, the Court does not need to address Lexington's argument invoking the *Rooker-Feldman* doctrine.  However, counsel should be aware that the "inextricably intertwined" standard for the *Rooker-Feldman* doctrine has been changed and is no longer applicable. *See Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010).  Instead, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012); *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009).